1999 PA Super 31

**Patrick MOSES, Appellant,**

v.

**T.N.T. RED STAR EXPRESS and Michael Patrick Nugent, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1997.
Filed Feb. 17, 1999.

---

Agostino Cammisa, Philadelphia, for appellant.

John F. Kent, Philadelphia, for appellees.

Before McEWEN, President Judge, CERCONE, President Judge Emeritus, and BECK, J.

CERCONE, President Judge Emeritus:

¶ 1 This is an appeal of an order of the Trial Court granting summary judgment in favor of the Defendants/Appellees, T.N.T. Red Star Express and Michael Patrick Nugent, and against the Plaintiff/Appellant, Patrick Moses. We affirm.

¶ 2 On October 25, 1993, the Appellant was walking his bicycle along a road in Philadelphia, when, he alleges, he was struck by a truck owned by Appellee, T.N.T. Red Star Express and operated by Appellee Michael Patrick Nugent. Plaintiff's Complaint filed 3/15/96 at ¶ 2. The Appellant originally commenced his action against both defendants by the filing of a Praecipe for a Writ of Summons. This was filed on October 19, 1995. At the time of filing, the Appellant's attorney was Mr. John C. Johnson III.

¶ 3 There were no further entries on the docket until March 14, 1996 when the Appellant, still represented by Mr. Johnson, filed a Praecipe to Reissue the Writ of Summons. On March 15, 1996 the Appellant filed a Complaint, which the docket indicates was subsequently served on both Appellees.[1] Appellees filed an Answer to the Complaint on April 8, 1996 and raised, by way of New Matter, the defense that the Appellant's Complaint was barred by the statute of limitations. Defendant's Answer filed 4/8/96 at ¶ 17.

¶ 4 On August 21, 1996, Appellant's present counsel, Mr. Agostino Cammisa entered his appearance for the Appellant.[2] On August 29, 1996 the Appellees filed a motion for summary judgment, seeking judgment as a matter of law based on the Appellant's failure to serve the Writ and complaint within the statute of limitations. Defendant's Motion for Summary Judgment filed August 29, 1996 at ¶ 14. On September 27, 1996 the Appellant filed a response in which he alleged that good faith attempts to serve the Appellees had been made and that he wished leave of court to conduct discovery to establish factually that good faith attempts had been undertaken prior to the reinstatement of the initial praecipe on March 14, 1996. Plaintiff's Response to Defendant's Motion For Summary Judgment dated 9/27/96 at ¶'s 14–15, 16–19. On October 15, 1996 the Trial Judge, the very learned and distinguished Honorable Mark I. Bernstein, issued an order allowing the parties an additional thirty (30) days to conduct discovery on the issues raised in the summary judgment motion. The Trial Judge indicated in his order that he would rule on the motion after discovery had been completed and both parties had submitted memorandums. Order of Court entered October 16, 1996. However, the record is devoid of any activity until January 27, 1997 when the learned Trial Judge ruled on the Motion for Summary Judgment and

granted the Appellee's motion, dismissing Appellant's claims with prejudice. Order of Court entered January 28, 1997. On February 14, 1997, the Appellant filed a timely Notice of Appeal to our Court from this order.

¶ 5 However, the taking of an appeal to our Court did not end the proceedings in the Trial Court. Prior to the filing of his notice of appeal, on January 24, 1997 Appellant had also filed a Motion to Amend the [Trial Court's] Order of October 15, 1996. The Trial Court apparently did not receive this motion until February 26, 1997. Trial Court Opinion dated 4/22/97 at 2.[3] Despite the appeal having been filed, the Trial Court chose to act on this motion. It issued an order on March 3, 1997 in which it professed to modify its order of October 15, 1996 and allowed the parties until April 10, 1997 to "conduct discovery on the issues raised by the defendant's motion for summary judgment." *Id.* Then, the Trial Court on April 1, 1997 entered an order that purported to vacate its January 27, 1997 order granting summary judgment and allowed the parties until May 10, 1997 to continue to conduct discovery. *Id.*

¶ 6 On June 4, 1997 Appellant filed with our Court a motion to remand. This was, however, denied by our Court by order on June 25, 1997. The case was then fully briefed and argued before our Court. Because the opinion which we originally received from the Trial Court dated April 22, 1997 only addressed the procedural history of the case and respectfully requested remand, we did not have before us reasons of record why the Trial Court entered summary judgment. To better understand the reasons for the Court's order of January 27, 1997, pursuant to Pa. R.A.P., Rule 1925(a), we remanded this case by memorandum dated April 6, 1998 to the Trial Court for the

---

1. Appellee, T.N.T. Red Star was served on March 18, 1996 and Appellee Nugent was served on March 22, 1996.

2. There is no evidence from the docket that Mr. Johnson formally withdrew his representation of the Appellant, but it does not appear that he took any active role in the proceedings which oc-

curred subsequent to Mr. Cammisa's entry of appearance.

3. This opinion was written only to request that our Court remand this case to the Trial Court and it did not set forth the Trial Courts reasons for its entry of summary judgment.

preparation of a Trial Court opinion, but we retained jurisdiction. The Trial Court fully complied with our order and prepared a thorough and comprehensive opinion, which has been of inestimable value to us.[4]

¶ 7 During the pendency of this appeal the Supreme Court of Pennsylvania handed down three decisions *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998) and *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (1998). Appellant sought leave of our Court to file a supplemental memorandum of law in order to address the applicability of these decisions to the case at bar. We granted Appellant leave to file the requested supplemental memorandum, which he promptly did. We also granted Appellees' subsequent application to submit a reply to the Appellant's supplemental memorandum, and Appellees' reply was thereafter timely submitted to our Court. We will address the matters raised by Appellant's supplemental memorandum and Appellees' reply during the course of our discussion of the issues, which Appellant has presented to our Court in his original appeal.

¶ 8 The issues which Appellant has presented to our Court for consideration are:

[I.] Should this matter be remanded to the trial court to complete discovery on the service issue?

[II.] Did the trial court commit an error of law or clearly abuse its discretion by granting Summary Judgment to defendants/appellees on the ground that plaintiff/appellant did not satisfy the requirements of service under *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976) and its progeny?

[III.] Did defendant's waive their objection to timing of service by participating in discovery and by withholding physical evidence, that is plaintiff's bicycle?

Appellant's Brief at 3. Since these issues are so closely intertwined we shall address them simultaneously.

¶ 9 We begin by noting our standard of review. Our standard of review of the grant of a motion for summary judgment is well settled. We will only reverse the trial court's entry of summary judgment in instances where there was an abuse of discretion or an error of law by the trial court. *Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904, 906 (Pa.Super.1998). Our scope of review is, however, plenary in nature. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056 (Pa.Super.1998), *appeal denied*, —— Pa. ——, —— A.2d. ——, 1999 WL 8389, 1999 Pa. Lexis 40 (Pa. Jan. 12 1999).

¶ 10 Consequently:

On review of an order granting summary judgment, we must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. In making this determination, we must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. All doubts as to the existence of a factual dispute must be

---

4. We noted in our memorandum of April 6, 1998 that the Trial Court was deprived of authority to enter both its order of March 3, 1997 allowing continuing discovery and its order of April 1, 1997 vacating its grant of summary judgment by the filing of this appeal. Both of these orders were entered after the Appellant had filed his notice of appeal and thirty days after its entry of summary judgment on January 27, 1997. Pursuant to 42 Pa.C.S.A. § 5505 the Trial Court "upon notice to the parties may modify or rescind any order within *thirty* days after its entry, notwithstanding the prior termination of any term of court, *if no appeal from such order has been taken or allowed.*" 42 Pa.C.S.A. § 5505 (emphasis supplied). *See also Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa.Super.1997). Additionally, Pa. R.A.P. 1701(a) provides that the trial court may no longer proceed further in the matter after an appeal has been taken except in limited instances prescribed by Pa. R.A.P. 1701(b), none of which are present here. Pa. R.A.P., Rules 1701(a) and (b), 42 Pa.C.S.A. *See In Re Deed Of Trust Of McCargo*, 438 Pa.Super. 570, 652 A.2d 1330, 1337 (1994), *appeal denied*, 543 Pa. 693, 670 A.2d 141 (1995); *First Pennsylvania Bank, N.A. v. National Union Fire Insurance Company of Pittsburgh, Pa.* 397 Pa.Super. 612, 580 A.2d 799, 803 n. 2 (1990). Accordingly, as the Trial Court was without jurisdiction to enter them, the orders of March 3, 1997 and April 1, 1997 were vacated by our April 6, 1998 memorandum and order. The case, therefore, remains in the same procedural posture which it was in after the order granting of the motion for summary judgment was entered on January 28, 1997. It is that order which we now review.

resolved in favor of the non-moving party and the entry of summary judgment is appropriate only in the clearest of cases. *Borough of Mifflinburg v. Heim,* 705 A.2d 456, 465 (Pa.Super.1997); *Kingston Coal Co. v. Felton Mining Co.,* 456 Pa.Super. 270, 690 A.2d 284, 287 (1997), *appeal denied,* 549 Pa. 702, 700 A.2d 441 (1997). Under Pa. R.C.P. 1035.2(2) summary judgment is explicitly permitted if the "adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2); *Knoud v. Galante,* 696 A.2d 854, 855 (Pa.Super.1997).

¶ 11 In the seminal case of *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) our Supreme Court discussed the issue of whether the filing of a praecipe for writ of summons to commence an action within the time provided for by the statute of limitations for the underlying action tolls the running of the statute of limitations, if service is not effectuated until after the statute of limitations has run. Our Supreme Court said:

> [In] actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

*Id.* at 478, 366 A.2d at 889.

¶ 12 This language has been interpreted by subsequent caselaw to mean that the filing of a praecipe for a writ of summons will only toll the statute of limitations if, during the life of the writ, the plaintiff makes a good faith attempt to effectuate service of the writ. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986); *Siler v. Khan,* 456 Pa.Super. 177, 689 A.2d 972, 973 (1997). What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case by case basis. *Farinacci* at 594, 511 A.2d at 759; *Otterson v. Jones,* 456 Pa.Super. 388, 690 A.2d 1166, 1167 (1997), *appeal denied* 553 Pa. 421, 719 A.2d 309 (1998).

¶ 13 Our Rules of Civil Procedure require that original process such as a praecipe for writ of summons is to be served "within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). In the instant case, the praecipe for the writ of summons was filed on October 19, 1995, and the writ was issued the same day. Therefore, the writ of summons had to be served on the appellees within thirty days of its issuance, that is by November 18, 1995 in order to prevent its expiration. *See Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121, 124, n. 5 (1994) ("Unless a party applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the thirty-day time restriction, a writ or complaint will be dead at the expiration of thirty days.") quoting Goodrich–Amram 2d § 401(a):1.

¶ 14 The docket reveals no further activity until March 15, 1996 when the Appellant filed both a praecipe to reissue the writ of summons and a complaint. This complaint was served by the Sheriff of Philadelphia County on Appellee, TNT Red Star Express, March 18, 1996 and Appellee, Michael Nugent March 22, 1996. Nonetheless, the statute of limitations for Appellant's negligence claim had already expired on October 25, 1995, two years from the date of the claimed injury. (*See* 42 Pa.C.S.A. § 5524 (2)) Therefore, this complaint was time-barred as it was filed almost five months beyond the expiration of the statute of limitations. *See Tohan v. Owens–Corning Fiberglas Corporation,* 696 A.2d 1195, 1200, n. 4 (Pa.Super.1997) ("An action for personal injury must be commenced within a two year statute of limitation, [citing] 42 Pa.C.S.A. § 5524(2), and once this prescribed period has expired, the complaining party is barred from bringing suit.")

¶ 15 It is abundantly clear that the record in this matter does not demonstrate a good faith attempt by Appellant to serve the original writ of summons within thirty days after its issuance. Quite to the contrary, the record reveals no attempt whatsoever by the Appellant to serve the writ on the Appellees. Furthermore, Rule 405(a) of the Rules of Civil Procedure specifically provides:

(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. **If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.**

Pa.R.C.P. 405(a) (emphasis supplied). The mandatory procedure set forth by this rule was also not followed in this case. The writ of summons expired on November 18, 1995, however there was no subsequent filing of record pursuant to Rule 405(a) indicating a return of no service.

¶ 16 Indeed, Appellant **acknowledges** in his brief to our Court that the original attorney who filed the praecipe for writ of summons "refrained from making service." See Appellant's Brief at 8. We recognize that this failure to effectuate service of the writ is in no way the fault of Appellant's current counsel. Nonetheless the failure of Appellant's original counsel to serve the initial writ is seemingly inexplicable, particularly whenever the Sheriff of Philadelphia County had no difficulty whatsoever in locating and serving both Appellees within a week of the filing of the complaint on March 15, 1996. Our Court has said in a prior case: "At a minimum, the good faith effort required in *Lamp v. Heyman*, ..., mandates compliance with the Pennsylvania Rules of Procedure ..." *Feher by Feher v. Altman*, 357 Pa.Super. 50, 515 A.2d 317, 319 (1986), *appeal denied* 515 Pa. 622, 531 A.2d 430 (1987). Taking no steps whatsoever to serve the writ of summons once having filed a praecipe for its issuance renders subsequent efforts to initiate the cause of action after the statute of limitations has run a "nullity." *Id* at 320. *Accord Ferrara v. Hoover*, 431 Pa.Super. 407, 636 A.2d 1151, 1152 (1994) ("[A] plaintiff's failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of the statute of limitations."), quoting *Collins v. Greene County Memorial*, 419 Pa.Super. 519, 615 A.2d 760, 762 (1992), *affirmed* 536 Pa. 475, 640 A.2d 379 (1994). *See also Cahill, supra* 643 A.2d at 123 ("The mere filing of a praecipe for writ of summons, without additional affirmative action to

effect service of the writ, does not constitute a good faith effort to notify the defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action.") quoting *Feher*, 515 A.2d at 318.

¶ 17 A remand for additional discovery as to what attempts were made by Appellant's prior counsel to effectuate service, in light of Appellant's current counsel's candid admission, would be a futile exercise. This is particularly true in light of the fact that the Trial Court had previously allowed Appellant's current counsel to conduct discovery into this matter. As the Trial Court noted in its opinion of June 8, 1998:

[This] Court had granted thirty (30) days from October 15, 1996, to conduct discovery. Despite the passage of in excess of three (3) months from the October 15, 1996 Order no additional depositions or no affidavits documenting or supporting in any way the claim that plaintiff had in fact made good faith efforts to serve the defense were filed. Accordingly, this Court reasoned that on January 27, 1997 Summary Judgment should be granted.

Trial Court Opinion, filed 6/8/98, at 5–6.

¶ 18 Nevertheless, Appellant urges us to consider the fact that the Appellees have waived their objection to the late service since the Appellees actively conducted an investigation into the circumstances surrounding the accident and also withheld physical evidence, namely the plaintiff's bicycle. With respect to the Appellees' alleged wrongful withholding of the bicycle, we agree with the Appellees that this has no relevance in establishing whether or not the Appellees were served in a timely fashion. Further, as Appellant cites no case law or other authority to demonstrate the relevancy of this allegation we will not consider it. *Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378, 1380 (1995) (issues not addressed in the argument section of brief are waived).

¶ 19 Nor does the fact that the Appellees' alleged investigation of the circumstances surrounding the accident put them on notice of the commencement of a civil action. As we have said in an earlier case:

Service of process upon the defendant is designed to provide him with notice of the lawsuit. Notice is extremely important as it is the constitutional touchstone for the power of the court to act.

*Rosenberg v. Nicholson,* 408 Pa.Super. 502, 597 A.2d 145, 147 (1991), *appeal denied* 530 Pa. 633, 606 A.2d 903 (1992). Again, there is no genuine issue of material fact that the Appellant, through his original counsel made no effort whatsoever to serve the writ of summons during the term of its existence. Thus, Appellees had no actual notice of the existence of any lawsuit.

¶ 20 Appellant alleges, though, that the Appellees' insurance carrier had notice of an "impending lawsuit" two weeks prior to the running of the Statute of Limitations. Appellant's Brief at 14. Accepting the truth of this allegation for the purposes of our review, it nonetheless does not excuse Appellant's failure even to attempt to effectuate actual service of the actual writ on the Appellees. It was the Appellees who were being sued not their insurance company. Moreover, our Court has previously considered and rejected a similar argument.

¶ 21 In *Ferrara v. Hoover, supra,* the appellant filed a praecipe for writ of summons but did not serve it until six months had elapsed from the time of the writ's issuance. Service of the writ was only effectuated after the statute of limitations had run. The appellant argued, though, that the appellees had not been prejudiced by the appellant's failure to serve the writ since appellee's liability carrier was aware of the accident and had made a settlement offer to the appellant. We refused to embrace that reasoning. Our Court said:

> We find no merit in the contention communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process. Appellees have a reasonable expectation to assure that once the statute of limitations has run they will no longer shoulder the burden of possible litigation.

*Id.* 636 A.2d at 1153. Thus we cannot accept Appellant's argument in the case *sub judice* that communications to the Appellees' insurance carrier of an "impending lawsuit" was

an adequate substitute for actual service of process.

¶ 22 Appellant also relies on two principal cases in his brief to support his position that Appellee's actions after being served with the untimely complaint in March of 1996 waived any objection they may have had to the timing of service. Both of the cases cited by Appellant are, however, distinguishable from the instant case and hence inapplicable.

¶ 23 The first, *Leidich v. Franklin,* 394 Pa.Super. 302, 575 A.2d 914 (1990), *appeal denied* 526 Pa. 636, 584 A.2d 319 (1990) dealt with a situation where the appellant filed a praecipe for a writ of summons and served it on the appellees via regular mail. The letter containing the writ was mailed the day after the writ was issued. The appellees did not dispute the receipt of the writ. After receipt of the writ the appellees commenced preliminary discovery proceedings and exploratory settlement inquiries of their insurance carrier. Later, however, the appellees sought dismissal of the case on the grounds that the original writ was not properly served. Appellant only learned of appellees objection to the manner of service of the writ after the statute of limitations had expired. Once the appellees had raised this issue, the appellants promptly reissued and served the writ. The service by sheriff was effectuated one month after the statute of limitations had expired.

¶ 24 The trial court granted the appellees summary judgment motion and dismissed the case. Our Court reversed and held that:

> [U]nder **the particular facts here,** *Lamp's* "good faith" effort to notify the defendants was established in tandem with the absence of a "course of conduct" attributable to the plaintiff evidencing a stalling of the machinery of justice.

*Id.* at 920 (emphasis supplied). Thus it is clear that it was the appellants' good faith attempt at service of the appellees via mailing of the writ of summons, **immediately** after filing of the praecipe for writ, **coupled** with the appellees conduct of discovery after receiving the writ which compelled the result our Court reached. However, the Appellant in the instant case made **no** effort to serve the writ either by Sheriff or personal mail.

We made very clear in *Leidich* that: "we in no way wish to signal to the bench and bar our approval of the a circumvention of the Pennsylvania Rules of Civil Procedure or of local practice." *Id.* Appellant's complete failure to serve the writ in this case was just such a circumvention.

¶ 25 The second case upon which appellant relies is *Ball v. Barber*, 423 Pa.Super. 358, 621 A.2d 156 (1993). In *Ball* the appellee commenced an action against appellant by filing a praecipe for writ of summons. The appellee attempted to serve the appellant at the address which the appellant had listed as his address on his driver's license. This address was also appellant's mother's address. Appellee managed to serve a copy of the writ personally upon appellant's mother at the address but not the appellant. (Appellant apparently split his time between that address and his aunt and uncle's house.) Thereafter an attorney entered an appearance on behalf of the appellant and commenced discovery. The appellant later sought dismissal of the case on the grounds that he was not properly served at his mother's address since he no longer resided with her when the writ was served. The trial court refused to dismiss the case.

¶ 26 We upheld the trial court because service of process is appropriate upon a defendant at the address listed on his license or vehicle registration. Since the appellee made the service at the address which appellant had provided to the Department of Transportation, service was properly effectuated. The responsibility was on the appellant to notify the Department of Transportation of any change of address. The fact that the appellant did not fulfill this responsibility did not negate the appellee's efforts to serve the appellant at his listed address of record. Moreover, the appellant actually received a copy of the writ of summons when it was served in this manner, so he could not say that he did not receive adequate notice of the suit. *Id.* at 157–158.

¶ 27 It is manifest that the factual circumstances of *Ball* are quite different than those of the present case. Again, as in *Leidich, supra,* the plaintiff in *Ball* made a good faith effort immediately after the filing of the complaint to serve it on the defendant. Thus it was merely the propriety of the manner of service that was at issue, not whether a timely effort was made to effectuate service. As discussed at length, *supra,* the Appellant made no timely effort to serve the writ in the present case. Therefore, *Ball* affords the Appellant no relief.

¶ 28 Appellants have also argued that the filing of a case in Philadelphia County automatically enters the case into the Philadelphia Court of Common Pleas "Day Forward Program" and thereby triggers an order issued by the trial court scheduling a case management conference. Appellant argues that the filing of the praecipe in the instant case triggered such an order "on January 16, 1997, less than ninety days after the original Writ was filed." Appellant's Brief at 15. However, the docket and filings contained in the certified record indicate that no such case management order was ever issued on January 16, 1997, or January 16, 1996 for that matter. Even if such an order were issued, it would not be a substitute for the service requirements set forth in the Pennsylvania Rules of Civil Procedure that would relieve a plaintiff such as the Appellant from his absolute and affirmative duty to make a good faith effort to serve the writ once it was issued.

¶ 29 Lastly, we address the issue of whether the Supreme Court decisions of *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998), *Shope v. Eagle*, 551 Pa. 360, 710 A.2d 1104 (1998) and *Marino v. Hackman*, 551 Pa. 369, 710 A.2d 1108 (1998) have any impact on this case.

¶ 30 Prior to the Supreme Court's decision in *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992) the entry of judgment of non pros was resolved according to a three-part analysis:

A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse par-

ty, such as the death of or unexplained absence of material witnesses. *James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, Pa.*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). In *Penn Piping,* however, the Supreme Court altered this analysis somewhat by holding that a two-year period of docket inactivity presumptively established the prejudice to the adverse party necessary to enter judgment of non pros.

¶ 31 *Jacobs* marked an end of the *Penn Piping* presumption of prejudice due to a two year period of docket inactivity. The Supreme Court expressly held in *Jacobs* that the *Penn Piping* presumption of prejudice was "inconsistent with the well-established notion that the adversary must suffer harm before a case is dismissed for lack of prosecution." *Jacobs,* 551 Pa. at 357, 710 A.2d at 1102. *Jacobs* further announced that the Supreme Court is returning to the three-part test of *James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, Pa.*, (discussed *supra*), and that the test shall apply to all pending cases where the issue has been preserved. *Id.* at 358 n. 9, 710 A.2d at 1103, n. 9.

¶ 32 In *Marino,* the Supreme Court also stated that non-docket activity could be examined to determine if a compelling reason exists for case inactivity. *Marino,* 551 Pa. at 374, 710 A.2d at 1111. The Supreme Court made reference to specific non-docket activities as evidence of case movement such as the changing of counsel, the taking of depositions, and settlement communications between the parties' respective counsel. *Id.* The Supreme Court likewise made this rule applicable to all pending cases in which the issue was preserved. *Id.* at n. 5.

¶ 33 In *Shope,* the Supreme Court held that the same standard applied to terminations pursuant to a trial court's dismissal for inactivity under local rules of procedure which implement Pennsylvania Rule of Judicial Administration 1901 as that which applied to a defendant's motion for a judgment of *non pros.* Accordingly, the three part test applicable to a defendant's motion for *non pros* announced in *Jacobs* must now be utilized in the dismissal of a case under a local rule of civil procedure for inactivity. This rule was also made applicable to all pending cases in which the issue was properly preserved.

¶ 34 Appellant argues that the policy consideration undergirding the three above-cited cases, namely the prevention of prejudice to a party due to a "stale" claim is the same policy consideration which underlies *Lamp* and its progeny. Appellant reasons that since the Supreme Court has said that a party seeking to prevail on a judgment for *non pros* must demonstrate unfair prejudice by the failure of the other party to prosecute the claim in a timely fashion, so to should a party seeking dismissal of a writ or complaint for failure to effectuate service be required to demonstrate unfair prejudice by the late timing of service before an otherwise meritorious case can be dismissed on that basis. Appellant argues that no prejudice to the defendant was suffered by the delay of service in the instant case.

¶ 35 By advancing this argument, Appellant is essentially inviting us to extend the holdings of *Jacobs, Marino,* and *Shope* well beyond what we perceive to be their intended scope. In none of those cases did the Supreme Court address the issue of whether statutes of limitations and the explicit requirements of our Rules of Civil Procedure may be avoided by offering a plaintiff an opportunity to demonstrate that a defendant was not prejudiced by his or her failure to serve the defendant in a timely fashion. *Jacobs, Marino,* and *Shope* all were cases which had been timely filed and served but seemingly, due to the lack of subsequent docket entries, not prosecuted expeditiously thereafter. Consequently, we decline to sanction the use of these holdings as a vehicle for circumventing the express service requirements of our Rules of Civil Procedure or the clear time limits for the commencement of civil actions as provided by legislatively enacted statutes of limitations.

¶ 36 Furthermore, were we to accept Appellants' invitation to extend the holdings of these cases we would run afoul of the Supreme Court's express holding in *Farinacci, supra,* which clearly requires that a

plaintiff make a good faith effort to serve a writ or complaint once filed. This would be quite improper for us to do. As an intermediate appellate court, this Court is obligated to follow the precedent set down by our Supreme Court. *Foflygen v. Zemel*, 420 Pa.Super. 18, 615 A.2d 1345, 1353 (1992), *appeal denied* 535 Pa. 619, 629 A.2d 1380 (1993). It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court. *Malinder v. Jenkins Elevator & Machine Co.*, 371 Pa.Super. 414, 538 A.2d 509, 513 (1988) (*en banc*). As we have also said in an earlier case:

> It may be, as has been suggested, that the Supreme Court, as the policy making court in this Commonwealth, will choose to make it easier to toll the statute of limitations. In the meantime, this Court, being an error correcting court, will affirm trial court decisions which are in accord with principles of law adopted by prior appellate court decisions.

*Aivazoglou v. Drever Furnaces*, 418 Pa.Super. 111, 613 A.2d 595, 600 (1992).

¶ 37 Order affirmed. Jurisdiction relinquished.

