

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2002

# Collins v. Univ PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Collins v. Univ PA" (2002). *2002 Decisions.* Paper 306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3172


PHILLIP A. COLLINS,

Appellant

v.

UNIVERSITY OF PENNSYLVANIA


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-00993)
District Court Judge: Honorable John R. Padova


Submitted Under Third Circuit LAR 34.1(a)
May 10, 2002

Before: ALITO, COWEN, and LOURIE, Circuit Judges

(Opinion Filed: May 22, 2002)


OPINION OF THE COURT


PER CURIAM:
Because we write for the parties only, the background of the case need not be set out. We reject the appellants' argument that the District Court improperly granted the appellee's motion to dismiss.

Appellants contest the District Court's conclusion that the plaintiffs' Title VII claims are barred by the applicable statute of limitations. Under Title VII, "a plaintiff has ninety days after receiving [a right-to-sue notice issued by the EEOC] in which to file suit." Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986); 42 U.S.C. 2000e-5(f)(1). This ninety-day filing requirement for Title VII claims "has been treated by the courts as a statute of limitations rather than a jurisdictional prerequisite to suit." Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999). Here, plaintiffs filed their Complaint more than 120 days after the EEOC issued the right-to-sue notices.

Appellants argue that the issuance of a Writ of Summons tolled the statute of limitations. The Pennsylvania Rules of Civil Procedure provide that an action may be commenced by filing a praecipe to issue a writ of summons. See Pa. R. Civ. P. 1007(1). However, the filing of a praecipe for a writ of summons will toll the statute of limitations

only if the plaintiff makes a good faith attempt to serve the writ within thirty days of its issuance.  See Moses v. TNT Red Star Express, 725 A.2d 792, 796 (Pa. Super. 1999); Pa. R. Civ. P. 401(a) (original process shall be served within 30 days of filing praecipe).  A good faith effort, at a minimum, requires compliance with the Pennsylvania Rules of Civil Procedure.  See id.

In this case, the record demonstrates that plaintiffs failed to comply.  The Pennsylvania Rules of Civil Procedure require that original process be served on a corporation by handing a copy of the service to "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it."  Pa. R. Civ. P. 424.  We have held that "the 'person for the time being in charge' of any office or usual place of business of the defendant[] for purposes of [the Pennsylvania Rules] must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of [his or] her representation or authority, as evidenced by the affidavit of service."  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 486 (3d Cir. 1993).  Here, the server did not ascertain the capacity or relationship to the University of the person on whom he allegedly served the Writ of Summons on December 19, 2000.  The District Court properly determined that service on the unidentified person was insufficient under Pennsylvania law.

Finally, the appellants argue that the District Court improperly dismissed plaintiffs' intentional and negligent emotional distress claims.  The Pennsylvania legislature has chosen to provide an exclusive remedy for all work-related injuries in the Pennsylvania Worker's Compensation Act ("WCA").  The WCA reads: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees...on account of any injury [to an employee arising in the course of his employment and related thereto]."  77 Pa. Cons. Stat. Ann.  411(1), 481(a) (2001).  In Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997), this Court held that the WCA provides the exclusive remedy for employees asserting intentional and negligent infliction of emotional distress claims based on alleged discriminatory treatment by employers.  Here, because the conduct alleged by plaintiffs is discriminatory treatment by the University in the course of plaintiffs' employment, the District Court correctly dismissed the claims as barred by the WCA.

We have considered all of the defendant's arguments and see no basis for reversal.  Therefore, we affirm the District Court's dismissal.