J-A17020-17

2017 PA Super 366

| IN RE:  PASSARELLI FAMILY TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  JOSEPH PASSARELLI | No. 3150 EDA 2016 |

Appeal from the Decree September 19, 2016
in the Court of Common Pleas of Chester County
Orphans' Court at No.: 1516-0101

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

DISSENTING OPINION BY PLATT, J.: **FILED NOVEMBER 16, 2017**

I respectfully dissent.  I would affirm the decision of the Orphans' Court

to terminate the trust based on its findings of fact, most significantly, fraud.

The learned Majority correctly notes that we defer to the credibility

assessments and findings of fact of the Orphans' Court.  (**See** Majority, at *4).

But nevertheless, in my view, it engages in inappropriate speculation on the

facts.  For example,

> Appellee [Wife] avers that she would not have executed the trust
> if she had known that the properties [house for Husband's
> girlfriend, etc.] were included [in the marital trust assets].  Even
> if the properties had been listed on Schedule A, it is unlikely that
> Appellee would have known of their significance to the marriage
> at the time of the trust's execution.

---

[*] Retired Senior Judge assigned to the Superior Court.

(Majority at *13).

The learned Majority thus disregards an express finding of the Orphans' Court, included in its Conclusions of Law: "Petitioner [Appellee] met her burden of proving that had she known of the purchase of the Riverside Properties, she would not have executed the Trust." (Decision, dated September 16, 2016 [filed 9/19/16], at 7 ¶ 6). This is an error-correcting Court. It is not our role to second–guess the factual findings of the trial court.

Similarly, in my view, the learned Majority acknowledges, but in practice disregards, the Orphans' Court's credibility assessments, which plainly favor Appellee. (**See id.** at 5, 6).

Finally, I am concerned that the learned Majority seeks, perhaps inadvertently, to expand the role of appellate review improperly. (**See** Majority, at *12: "Based on these principles and the discussion above, we are satisfied that the standards required to set aside a trust on the basis of fraud **should be stricter than that which case law previously provided**.") (emphasis added). This is an error-correcting court. Enlargement of the law is beyond our mandate.

> As an intermediate appellate court, this Court is obligated to follow the precedent set down by our Supreme Court. **It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines**. Such is a province reserved to the Supreme Court.

2

*Moses v. T.N.T. Red Star Express*, 725 A.2d 792, 801 (Pa. Super. 1999), *appeal denied*, 739 A.2d 1058 (Pa. 1999) (citations omitted) (emphasis added).

Under our deferential standard of review, I would accept the factual findings of the Orphans' Court. I would also affirm its legal conclusion.

Accordingly, I respectfully dissent.