J-S16036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DIANA LEE PENWELL AKA: DIANA LEE NATHAN, | : | |
| | : | |
| Appellant | : | No. 1159 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 12, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001450-2010,
CP-36-CR-0002989-2010, CP-36-CR-0004896-2015

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 31, 2019**

Diana Lee Penwell a/k/a Diana Lee Nathan ("Penwell") appeals from the judgment of sentence imposed following the revocation of her parole and probation.  We are constrained to quash the appeal.

Briefly, in November 2011, Penwell pled guilty, at CP-36-CR-0001450-2010 ("No. 1450-2010"), to robbery and simple assault.[1]  The trial court sentenced her to 22 months to 5 years in prison, followed by 5 years of probation.  Also in November 2011, at CP-36-CR-0002989-2010 ("No. 2989-2010"), Penwell pled guilty to receiving stolen property,[2] and received a

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2701(a)(3).

[2] 18 Pa.C.S.A. § 3925(a).

sentence of 3 years of probation. In September 2015, at CP-36-CR-0004896-2015 ("No. 4896-2015"), Penwell pled guilty to conspiracy to commit theft by deception,[3] and received a sentence of 1 year of probation.[4]

On January 9, 2018, the trial court issued a *capias* and bench warrant for Penwell's arrest, asserting that she had violated the terms of her probation/parole. The *capias* Petition alleged that Penwell had (1) missed several scheduled appointments with her probation officer; (2) tested positive for cocaine in December 2017; (3) admitted to abusing cocaine and heroin; and (4) repeatedly violated a no-contact Order prohibiting her from having contact with her husband, Taylor Penwell, Sr.

The probation violation court held a hearing on March 14, 2018, at the close of which it found Penwell in violation of her parole and probation and revoked them. On June 12, 2018, the probation violation court sentenced Penwell as follows:

- No. 1450-2010: 1½ to 3 years in prison, parole terminated;

- No. 2989-2010: 1 to 2 years in prison (to run concurrent to the sentence at No. 1450-2010), parole terminated; and

- No. 4896-2015: parole terminated.

---

[3] 18 Pa.C.S.A. § 903.

[4] We will collectively hereinafter refer to Nos. 1450-2010, 2989-2010, and 4896-2015 as the "three trial court docket numbers."

Notably, Penwell filed a **single**, timely Notice of Appeal on July 12, 2018. The caption of the Notice of Appeal listed all three trial court docket numbers.[5] Penwell then filed a timely, court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal on August 2, 2018.[6] In response, the trial court issued a thorough Rule 1925(a) Opinion, addressing and rejecting Penwell's sole issue (a challenge to the discretionary aspects of her sentence).

Before we reach the issue presented by Penwell on appeal, we must first address the fact that she filed a single Notice of Appeal for her appeals at the three trial court docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a … trial court." Pa.R.A.P. 341(a). Additionally, the Official Note to Rule 341 directs that "[w]here … one or more orders resolves issues arising on

---

[5] Thereafter, on August 2, 2018, Penwell filed a *single* Amended Notice of Appeal, which likewise contained all three trial court docket numbers, to reflect that she had filed a Post-sentence Motion on June 22, 2018.

[6] On August 27, 2018, Penwell filed with this Court an Application/Stipulation (hereinafter, the "Stipulation"), signed by both the prosecutor and Penwell's public defender counsel, wherein the parties agreed that, "although the above-captioned appeal should originally have been filed as three separate appeals, one for each [trial court docket] [n]umber, the appeals should properly be consolidated and argued together in all particulars as if but a single appeal." Stipulation, 8/27/18, at ¶ 6. By a *per curiam* Order entered three days later, this Court denied the Stipulation, noting that there was only one Notice of Appeal filed by Penwell.

more than one docket or relating to more than one judgment, separate notices of appeal *must* be filed." ***Id.***, Official Note (emphasis added).

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line[,] *mandatory* instruction to practitioners to file separate notices of appeal." ***Id.*** at 976-77 (emphasis added). Accordingly, the ***Walker*** Court held that failure to comply with the dictates of Rule 341 and its Official Note would result in quashal of the appeal. ***Id.*** at 977;[7] ***see also id.*** (indicating that the Court's holding would be applied prospectively only, as "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law ….").

The ***Walker*** decision was filed on June 1, 2018. Here, Penwell filed her

---

[7] A panel of this Court, applying ***Walker*** in its decision, recently issued the following Order to parties seeking review in this Court: "AND NOW, it is ORDERED that all parties seeking review with the Superior Court shall file notices of appeal as mandated by Pennsylvania Rule of Appellate Procedure 341 and [] ***Walker*** []. Failure to comply will result in quashal of the appeal." ***In re M.P.***, 2019 PA Super 55, at *18 (Pa. Super. filed February 22, 2019).

- 4 -

Notice of Appeal, listing all three trial court docket numbers, on July 12, 2018.[8]

Because Penwell's non-compliant Notice of Appeal was filed after the date of the ***Walker*** decision, we are constrained to quash the appeal.[9] ***See Walker***,

_____

[8] On August 17, 2018, this Court issued a Rule to Show Cause why Penwell's appeal should not be quashed, pursuant to ***Walker***. Penwell filed a timely Response, arguing that ***Walker***, which involved an appeal from a single order disposing of separate suppression motions filed by four defendants at four separate docket numbers, ***see Walker***, 185 A.3d at 971, is inapplicable to the instant case, which concerns only one defendant. Penwell also argued that ***Walker*** does not apply here because the probation revocation court imposed a sentence on all three trial court docket numbers during one sentencing hearing. Finally, Penwell emphasized that the parties here entered into the above-mentioned Stipulation concerning "consolidation." On August 30, 2018, this Court issued an Order discharging the Rule to Show Cause, and referring the issue to the merits panel. Though we appreciate Penwell's arguments, we conclude that her attempt to distinguish the circumstances of her case is unavailing, as neither Rule 341 nor ***Walker*** indicates that a different standard should apply when multiple docket numbers concern the same defendant. Nor is the Stipulation enough, in light of the bright-line, mandatory rule imposed by ***Walker***. ***See M.P.***, 2019 PA Super 55, at **1-2 (stating that ***Walker*** is the law of the Commonwealth, and shall be applied prospectively and uniformly by this Court."). Instead, as the certified record reflects that the probation revocation court imposed a separate sentence at each docket number, Penwell's appeal clearly involves "one or more orders [which] resolves issues arising on more than one docket or relating to more than one judgment[,]" Pa.R.A.P. 341, Official Note, and thus fits squarely within the dictates of ***Walker***.

[9] We note that the quashal of Penwell's appeal is without prejudice to her ability to file a petition for relief pursuant to the Post Conviction Relief Act, seeking reinstatement of her direct appeal rights, *nunc pro tunc*.

185 A.3d at 977; **M.P.**, **supra**;[10] **Commonwealth v. Williams**, 2019 PA Super 81 (Pa. Super. filed March 20, 2019) (quashing appeal where appellant filed a single notice of appeal containing multiple docket numbers on June 5, 2018, just four days after the **Walker** decision).

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019

---

[10] In so holding, we emphasize, and agree with, the following rationale of the panel in **M.P.**, concerning the proper role of the Superior Court in applying **Walker**:

> We recognize the harsh — perhaps draconian — consequence of quashing any appeal …. However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." **Moses v. T.N.T. Red Star Exp.**, … 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." **Commonwealth v. Montini**, 712 A.2d 761, 769 (Pa. Super. 1998).

**M.P.**, 2019 PA Super 55, at *5 n.2.