J-S50032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT MICKENS | : | |
| | : | |
| Appellant | : | No. 355 WDA 2019 |

Appeal from the Order Entered February 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002554-1995,
CP-02-CR-0015959-1994

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:            **FILED SEPTEMBER 13, 2019**

Appellant, Robert Mickens, *pro se*, appeals from the order entered February 20, 2019, that dismissed his fourth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We quash this appeal.

This Court has previously summarized the underlying factual and procedural history of this action in:  ***Commonwealth v. Mickens***, No. 1961 Pittsburgh 1995, unpublished memorandum at 1-2 (Pa. Super. filed July 22, 1998); ***Commonwealth v. Mickens***, No. 1777 WDA 2000, unpublished memorandum at 1-3 (Pa. Super. filed October 30, 2000); ***Commonwealth v. Mickens***, No. 259 WDA 2007, unpublished memorandum at 1-2 (Pa. Super. filed December 27, 2007); and ***Commonwealth v. Mickens***, No. 1662 WDA

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

2016, unpublished memorandum at 1-2 (Pa. Super filed June 23, 2017). We therefore need not restate them at length herein.

For the convenience of the reader we briefly note that, on May 11, 1995, Appellant was found guilty of murder of the first degree and related offenses in connection with the shooting death of St. John Williams. Four days later, he was sentenced to life imprisonment. Appellant has filed three prior unsuccessful PCRA petitions.

On January 16, 2019, Appellant *pro se* filed the instant PCRA petition listing both Docket Number CP-02-CR-0015959-1994 and Docket Number CP-02-CR-0002554-1995 in the caption. On January 24, 2019, the PCRA court entered a notice at both docket numbers of its intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). On February 6, 2019, Appellant filed a *pro se* response to the Rule 907 Notice at both docket numbers. On February 20, 2019, the PCRA court dismissed the petition without a hearing. On February 28, 2019, Appellant filed one notice of appeal from the two separate dockets.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
> > Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.

Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.

> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." *K.H. v. J.R.*, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

*In the Interest of: P.S.*, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

However, on June 1, 2018, our Supreme Court in [*Commonwealth v.*] *Walker*[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. *See Walker*, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the *Walker* Court announced that its holding would apply prospectively only. *Id.* at 977. Accordingly, *Walker* applies to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

\* \* \*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania."

> ***Commonwealth v. Montini***, 712 A.2d 761, 769 (Pa. Super. 1998).

***In re M.P.***, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019).

Appellant's notice of appeal was filed February 28, 2019 – after the deadline of ***Commonwealth v. Walker*** (June 1, 2018). Consequently, ***Walker*** compels quashal of the current appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019