**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EARL GEORGE | : | |
| | : | |
| Appellant | : | No. 453 WDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000330-2007,
CP-10-CR-0000605-2008

BEFORE:  LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 19, 2019**

Appellant, James Earl George, *pro se*, appeals from the order entered February 28, 2019, that dismissed his third petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We quash this appeal.

This Court has previously summarized the underlying factual and procedural history of this action in:  ***Commonwealth v. George***, No. 569 WDA 2009, unpublished memorandum at 2-4 (Pa. Super. filed September 3, 2010); ***Commonwealth v. George***, No. 1752 WDA 2012, unpublished memorandum at 2-4 (Pa. Super. filed June 5, 2013); and ***Commonwealth v. George***, No. 1380 WDA 2015, unpublished memorandum at 3-4 (Pa. Super. filed July 8, 2016).  We therefore need not restate them at length herein.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

For the convenience of the reader, we briefly note that, on October 17, 2008, at Docket Number CP-10-CR-000605-2008 ("No. 605"), a jury convicted Appellant of three counts of aggravated assault, two counts of simple assault, and one count of resisting arrest.[2] On November 13, 2008, at Docket Number CP-10-CR-0000330-2007 ("No. 330"), a jury convicted Appellant of rape by forcible compulsion, rape by threat of forcible compulsion, involuntary deviant sexual intercourses by forcible compulsion, unlawful restraint, sexual assault, and terroristic threats with the intent to terrorize another.[3] On February 27, 2009, Appellant was sentenced to an aggregate judgment of sentence of 300 to 600 months of incarceration for both docket numbers.

After unsuccessfully litigating two prior PCRA petitions, on January 14, 2019, Appellant *pro se* filed the instant PCRA petition. Although the PCRA petition only listed No. 330 in the caption, Appellant notes on his cover page that "case no. 303-2007 [sic] and 605-2008 were consolidated as one." PCRA Petition, 1/14/2019, at 1.

On January 16, 2019, the PCRA court entered a notice of its intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"); the Rule 907 Notice listed both No. 330 and No. 605 in the caption. On February 13, 2019, Appellant filed a *pro se* response to the Rule 907 Notice

---

[2] 18 Pa.C.S. §§ 2702(a), 2701(a), and 5104, respectively.

[3] *Id.* §§ 3121(a)(1), (2), 3123(a)(1), 2902(a)(1), 3124.1, and 2706(a)(1), respectively.

- 2 -

listing both docket numbers.  On February 28, 2019, the PCRA court dismissed

the petition without a hearing, again listing both docket numbers on the order.

On March 25, 2019, Appellant filed one notice of appeal from the two separate

dockets.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
>> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).
>
> ***In the Interest of: P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).
>
> However, on June 1, 2018, our Supreme Court in [***Commonwealth v.***] ***Walker***[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. ***See Walker***, 185 A.3d at 977.  The Court stated unequivocally:  "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . .

The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the *Walker* Court announced that its holding would apply prospectively only. *Id.* at 977. Accordingly, *Walker* applies to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

\*　\*　\*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa. Super. 1998).

*In re M.P.*, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019).

Appellant's notice of appeal was filed March 25, 2019 – after the deadline of *Commonwealth v. Walker* (June 1, 2018). Consequently, *Walker* compels quashal of the current appeal.

Appeal quashed.

Judge Murray joins the memorandum.

Judge Lazarus notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/19/2019