**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1666 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203311-2005,
CP-51-CR-0203851-2005, CP-51-CR-0204541-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1667 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203311-2005,
CP-51-CR-0203851-2005, CP-51-CR-0204541-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MASTAFA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 1668 EDA 2019 |

Appeal from the PCRA Order Entered May 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203311-2005,

J-S09039-20

CP-51-CR-0203851-2005, CP-51-CR-0204541-2005

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MAY 5, 2020**

Appellant, Mastafa McCloud appeals from the order entered May 9,

2019, that dismissed his third petition filed under the Post Conviction Relief

Act ("PCRA")[1] without a hearing.  We quash this appeal.

The facts and procedural history underlying this appeal are as follows:

Appellant was one of several men who engaged in a shooting
rampage on the streets of Philadelphia on the evening of
October 14, 2004.   Following a bench trial, Appellant was
convicted on November 18, 2005, of numerous counts of
aggravated assault, and one count each of attempted murder,
carrying a firearm without a license, and criminal conspiracy.  On
May 16, 2006, the court imposed an aggregate sentence of
thirteen and one half (13½) to twenty-seven (27) years'
incarceration.  The court denied Appellant's timely post-sentence
motions.   This Court affirmed the judgment of sentence on
November 14, 2008.  ***See Commonwealth v. McCloud***, 964
A.2d 945 (Pa.Super. 2008) (addressing sufficiency of evidence
issue and waiving discretionary aspects of sentencing issue).
Appellant did not seek further review at that time.  Thus, for
purposes of the PCRA, Appellant's judgment of sentence became
final on December 14, 2008, upon expiration of the 30-day time
period to petition for allowance of appeal with our Supreme Court.
***See*** Pa.R.A.P. 1113 (stating: "Except as otherwise prescribed by
this rule, a petition for allowance of appeal shall be filed with the
Prothonotary of the Supreme Court within 30 days after the entry
of the order of the Superior Court or the Commonwealth Court
sought to be reviewed").

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

***Commonwealth v. McCloud***, No. 1849 EDA 2015 unpublished memorandum at 1-2 (Pa. Super. filed September 13, 2016). Appellant thereafter filed two unsuccessful PCRA petitions.

On May 9, 2019, the PCRA court dismissed Appellant's third PCRA petition. On June 5, 2019, Appellant filed one notice of appeal listing three distinct Court of Common Pleas docket numbers.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
>> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).
>
> ***In the Interest of: P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).
>
> However, on June 1, 2018, our Supreme Court in [***Commonwealth v.***] ***Walker***[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. ***See***

*Walker*, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the *Walker* Court announced that its holding would apply prospectively only. *Id.* at 977. Accordingly, *Walker* applies to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

\* \* \*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa. Super. 1998).

*In re M.P.*, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019). In *M.P.*, *id.* at 980, this Court "remind[ed], advise[d] and emphasize[d] to all litigants who seek appellate review with this Court – whether in criminal, civil or family cases – that *Walker* is the law of the Commonwealth, and shall be applied prospectively and uniformly by this Court."

Instantly, Appellant filed a single notice of appeal from the order listing three separate docket numbers. Appellant's notice of appeal was filed on June 5, 2019, which postdates the *Walker* decision. Consequently, *Walker* compels quashal of the current appeal.

Appeal quashed.

Judge Lazarus joins the Memorandum.

Judge Shogan Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/05/2020