J-A15045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK HORAN | : | |
| | : | |
| Appellant | : | No. 3504 EDA 2018 |

Appeal from the PCRA Order Entered October 31, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002572-2006,
CP-48-CR-0002868-2006, CP-48-CR-0002881-2006

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.: **FILED MAY 31, 2019**

Appellant, Patrick Horan, *pro se*, appeals from the order entered October 31, 2018, that dismissed his petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing. We quash this appeal.

This Court previously summarized underlying factual and procedural history of this action in ***Commonwealth v. Horan***, No. 1790 EDA 2010, unpublished memorandum at 1-5 (filed March 24, 2011) (reinstating Appellant's direct appeal rights), and ***Commonwealth v. Horan***, No. 979 EDA 2011, unpublished memorandum at 1-4 (Pa. Super. filed March 15, 2012) (affirming judgment of sentence). We therefore need not restate

_____

[1] 42 Pa.C.S. §§ 9541–9546.

* Retired Senior Judge assigned to the Superior Court.

them herein. On August 19, 2014, Appellant filed a PCRA petition, which the PCRA court granted in part. On October 2, 2014, the trial court resentenced Appellant. In 2018, Appellant *pro se* filed the instant PCRA petition arguing that his rights pursuant to the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution were violated when the Commonwealth tracked his cellular telephone's location without a warrant. PCRA Petition, 8/15/2018, at 3-4. The PCRA court dismissed the petition without a hearing.[2] On November 25, 2018, Appellant filed one notice of appeal from three separate dockets.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
> > Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

---

[2] PCRA court did not appoint counsel to represent Appellant. Although the current PCRA petition was Appellant's first since his 2014 resentencing and Appellant is currently serving sentences at all three docket numbers, Appellant's instant PCRA petition only challenged his original conviction and not his new sentence. Accordingly, the resentencing does not "reset the clock," his present PCRA petition is not considered his "first" petition for his conviction, and he consequently is not entitled to counsel. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785-86 (Pa. Super. 2008). Had Appellant been entitled to counsel, we would not have quashed, because the procedural error leading to quashal may not have occurred had the appeal been filed by an attorney instead of a *pro se* appellant. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (stating that we presume counsel acts effectively).

Pa.R.A.P. 341, Official Note.

Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.

> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." **K.H. v. J.R.**, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

**In the Interest of: P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

However, on June 1, 2018, our Supreme Court in [**Commonwealth v.**] **Walker**[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. **See Walker**, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the **Walker** Court announced that its holding would apply prospectively only. **Id.** at 977. Accordingly, **Walker** applies to appeals filed after June 1, 2018, the date **Walker** was filed. **Id.**

\* \* \*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to

apply the decisional law as determined by the Supreme Court of Pennsylvania." ***Commonwealth v. Montini***, 712 A.2d 761, 769 (Pa. Super. 1998).

***In re M.P.***, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019).

Appellant's notice of appeal was filed November 25, 2018 – after the deadline of ***Commonwealth v. Walker*** (June 1, 2018). Consequently, ***Walker*** compels quashal of the current appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19