J-S65039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.S.R., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| A.M.F., K.M.F., D.A.F. | : | |
| | : | |
| | : | |
| Appellee | : | No. 1169 MDA 2019 |

Appeal from the Order Entered June 20, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2018-FC-40561,
2018-FC-40707

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:        **FILED: DECEMBER 31, 2019**

Appellant, K.S.R., Jr. ("Father"), appeals from the custody order dated June 20, 2019.  We quash this appeal.

On April 25, 2018, Father filed a petition for custody of his child, K.R.R. ("Child"), at Docket Number 2018-FC-40561.  On May 22, 2018, Child's mother and maternal grandparents -- Appellees A.M.F., K.M.F., and D.A.F. -- filed a petition for custody of Child at Docket Number 2018-FC-40707.  On February 15, 2019, the trial court consolidated both dockets.  On June 20, 2019, the trial court entered a custody order listing both docket numbers in the caption.  On July 16, 2019, Father timely filed one notice of appeal listing

_____

[*] Retired Senior Judge assigned to the Superior Court.

both docket numbers. On August 19, 2019, this Court issued a rule to show cause why this appeal should not be quashed. On August 27, 2019, Appellant filed a response, acknowledging that he "filed one (1) Notice of Appeal to a final Order reflecting two (2) docket numbers which were completely consolidated without objection by the parties." Memorandum In Opposition To Quashal Of Appeal, 8/27/2019, at 3 (not paginated).

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
>> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).
>
> ***In the Interest of: P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).
>
> However, on June 1, 2018, our Supreme Court in [***Commonwealth v.***] ***Walker***[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal

for separate dockets must result in quashal of the appeal. ***See Walker***, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the ***Walker*** Court announced that its holding would apply prospectively only. ***Id.*** at 977. Accordingly, ***Walker*** applies to appeals filed after June 1, 2018, the date ***Walker*** was filed. ***Id.***

\* \* \*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." ***Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." ***Commonwealth v. Montini***, 712 A.2d 761, 769 (Pa. Super. 1998).

***In re M.P.***, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019).

Instantly, Appellant filed a single notice of appeal from the order listing two separate docket numbers. Appellant's notice of appeal was filed on July 16, 2019, which postdates the ***Walker*** decision. Consequently, ***Walker*** compels quashal of the current appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019