J-S22043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELWOOD E GLADFELTER, IV | : | |
| | : | |
| Appellant | : | No. 1173 MDA 2019 |

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002368-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELWOOD EUGENE GLADFELTER, IV | : | |
| | : | |
| Appellant | : | No. 1174 MDA 2019 |

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002781-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELWOOD EUGENE GLADFELTER | : | |
| | : | |
| Appellant | : | No. 1175 MDA 2019 |

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005093-2017

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :             PENNSYLVANIA
       :
      v.                 :
       :
       :
       :
ELWOOD EUGENE GLADFELTER IV  :
       :
     Appellant       :   No. 1176 MDA 2019

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001881-2017

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :             PENNSYLVANIA
       :
      v.                 :
       :
       :
       :
ELWOOD GLADFELTER, IV      :
       :
     Appellant       :   No. 1177 MDA 2019

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004144-2017

BEFORE:    OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED JULY 10, 2020**

Appellant, Elwood Eugene Gladfelter IV, appeals from the order entered August 7, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without an evidentiary hearing. We quash this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

On August 10, 2017, Appellant pleaded guilty to robbery – threatens another with or intentionally puts him in fear of immediate serious bodily injury.[2]  He was immediately sentenced to 7½ to 15 years of confinement. Appellant did not file a direct appeal.

On April 5, 2019, Appellant filed his first, *pro se* PCRA petition.  In his PCRA petition, Appellant stated:  "***The Petitioner is 'NOT' asking for Court Appointed Counsel to be Appointed to represent these proceedings.***" PCRA Petition, 4/5/2019, at ¶ 14 (all emphasis in original) (spelling corrected). On April 25, 2020, the PCRA court held a ***Grazier***[3] hearing, during which it explained to Appellant that he had the right to be represented by counsel and confirmed that Appellant understood that, if he represented himself, he would "be held to the same standards as an attorney would be held[.]"  N.T., 4/25/2019, at 4, 7.  The PCRA court also established that Appellant comprehended that his filings would have "to be in compliance with the rules and the statutes of Pennsylvania" and that "counsel, as someone who is licensed to practice law, may know the law better than [Appellant], may be able to discuss with [him] any issues that [he] wish[ed] to raise and whether that would be prudent or not prudent[.]"  ***Id.*** at 4-5.  The PCRA court then granted Appellant's request to proceed *pro se*.  ***Id.*** at 7.

---

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

On July 2, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907; Appellant did not file a response. On August 7, 2019, the PCRA court dismissed Appellant's petition.

Appellant filed one notice of appeal listing five distinct Court of Common Pleas docket numbers.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
>> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***K.H. v. J.R.***, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).
>
> ***In the Interest of: P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).
>
> However, on June 1, 2018, our Supreme Court in [***Commonwealth v.***] ***Walker***[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. ***See Walker***, 185 A.3d at 977. The Court stated unequivocally: "The

- 4 -

> Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77.
>
> Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the *Walker* Court announced that its holding would apply prospectively only. *Id.* at 977. Accordingly, *Walker* applies to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*
>
> *   *   *
>
> [2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa. Super. 1998).

*In re M.P.*, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019). In *M.P.*, *id.* at 980, this Court "remind[ed], advise[d] and emphasize[d] to all litigants who seek appellate review with this Court – whether in criminal, civil or family cases – that *Walker* is the law of the Commonwealth, and shall be applied prospectively and uniformly by this Court."

Instantly, Appellant filed a single notice of appeal from the order listing five separate docket numbers. Appellant's notice of appeal postdates the *Walker* decision. Consequently, *Walker* compels quashal of the current appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/10/2020