J-S32013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :
        v.                :
                        :
                        :
JOSE ANTONIO CRUZ          :
                        :
      Appellant       :    No. 3008 EDA 2019

Appeal from the Order Entered September 18, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003697-2011,
CP-39-CR-0003701-2011

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED JULY 24, 2020**

Appellant, Jose Antonio Cruz, *pro se*, appeals from the order denying his

petition to vacate, alter, or amend restitution.  We quash this appeal.

The restitution award at issue was ordered contemporaneously with --

> the judgment of sentence of life imprisonment, and a consecutive
> term of 27 to 54 years' incarceration, imposed following his jury
> conviction of first-degree murder, aggravated assault, robbery
> (five counts), and firearms not to be carried without a license (two
> counts).[2]
>
> > [2] **See** 18 Pa.C.S. §§ 2502(a), 2702, 3701(a)(1)(i) and (ii),
> > and 6106, respectively.

**Commonwealth v. Cruz**, No. 2543 EDA 2016, unpublished memorandum at

1 (Pa. Super. filed May 15, 2018).  This Court affirmed Appellant's judgment

of sentence on direct appeal.  **Commonwealth v. Cruz**, 107 A.3d 232 (Pa.

---

[*] Retired Senior Judge assigned to the Superior Court.

Super. 2014) (unpublished memorandum). Appellant subsequently filed a petition under the Post Conviction Relief Act ("PCRA")[1] that the PCRA court dismissed. On appeal, this Court

> reverse[d] the PCRA court's order denying relief as to [Appellant]'s claim regarding direct appeal counsel's ineffectiveness for failing to file a petition for allowance of appeal in the Supreme Court. Moreover, [this Court] direct[ed] the PCRA court to appoint new counsel for [Appellant] and conduct an evidentiary hearing limited to that issue. In all other respects, [this Court] affirm[ed] the order denying PCRA relief.

*Cruz*, No. 2543 EDA 2016 at 21 (footnote omitted).

On January 7, 2019, the trial court granted leave for Appellant to file a petition for allowance of appeal *nunc pro tunc* with the Supreme Court of Pennsylvania. On February 5, 2019, Appellant filed a petition for allowance of appeal, which the Supreme Court denied on July 23, 2019.

On September 11, 2019, Appellant *pro se* filed a "Petition To Vacate, Alter Or Amend Restitution" (hereinafter, "Petition"), challenging the propriety of the restitution award.[2] On September 18, 2019, the trial court denied

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] Normally, "any collateral petition raising issues with respect to remedies offered under the [Post Conviction Relief Act ('PCRA'), 42 Pa.C.S. §§ 9541–9546] will be considered a PCRA petition." *Commonwealth v. Price*, 876 A.2d 988, 992 (Pa. Super. 2005). Challenges to the propriety of a sentence are cognizable pursuant to the PCRA, *see Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition); *Commonwealth v. Evans*, 866 A.2d 442, 443-44 (Pa. Super. 2005) (citing *Commonwealth v. Hockenberry*, 689 A.2d 283 (Pa. Super. 1997)) (treating motion to "modify" sentence as a PCRA petition relating to the legality of sentence);

_____

*Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (citing *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition)) ("That Jackson has attempted to frame his petition as a 'motion to correct illegal sentence' does not change the applicability of the PCRA.").

Additionally, "questions implicating the trial court's power to impose restitution concern the legality of the sentence." *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013); *see also Commonwealth v. Tanner*, 205 A.3d 388, 398 (Pa. Super. 2019) ("an award of restitution relates to the legality of a sentence").  Ergo, in most cases, Petition, challenging the propriety of restitution, would be subject to the PCRA.

Furthermore, when direct appeal rights have been reinstated following the grant of a first PCRA petition, the time period for filing a PCRA petition restarts, and any subsequent petition would be considered a new first PCRA petition. *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (time period for filing PCRA petition restarts after order reinstating petitioner's direct appeal rights upon grant of first PCRA petition; "subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

However, a PCRA petition can only be filed after the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1) (PCRA petitions "shall be filed within one year of the date the judgment becomes **final**" (emphasis added)); *Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) ("A PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final.").  Where a petition for allowance of appeal to the Supreme Court of Pennsylvania was filed, judgment of sentence becomes final 90 days after the Supreme Court either denied the petition or granted the petition and rendered a decision.  U.S. Sup. Ct. R. 13; *see also* 42 Pa.C.S. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

In the current case, Appellant's right to file a petition for allowance of appeal to the Supreme Court – part of his direct appeal rights – was reinstated *nunc pro tunc*.  Hence, any calculation of timeliness for PCRA purposes begins with the denial of this petition for allowance of appeal.  *See* 42 Pa.C.S. § 9545(b)(3); *Turner*, 73 A.3d at 1286.  Appellant's petition for allowance of appeal was denied on July 23, 2019.  Ninety days thereafter – and, therefore,

Petition. On October 8, 2019, Appellant filed one notice of appeal listing two distinct Court of Common Pleas docket numbers.

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
>> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously

_____

the date that Appellant's judgment of sentence became final – was October 21, 2019. U.S. Sup. Ct. R. 13. Appellant filed Petition on September 11, 2019, prior to his judgment of sentence becoming final. Petition thereby cannot be considered a PCRA petition, as Appellant's judgment of sentence was not final when it was filed. 42 Pa.C.S. § 9545(b)(1); ***Harris***, 114 A.3d 1.

Appellant thus is not entitled to the protections of the PCRA, including not being eligible for the appointment of counsel, as would be required for a first PCRA petition. ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019) ("A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition."). Had Appellant been entitled to counsel, we would have remanded for appointment of counsel, irrespective of the violation of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), discussed below, because we would presume that counsel would have filed separate notices of appeal for each docket number, as "counsel is presumed to be competent[.]" ***Commonwealth v. King***, 57 A.3d 607, 614 (Pa. 2012); ***see also Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa. Super. 2019) ("[w]e presume counsel is effective").

determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." **K.H. v. J.R.**, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

**In the Interest of: P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

However, on June 1, 2018, our Supreme Court in [**Commonwealth v.**] **Walker**[, 185 A.3d 969 (Pa. 2018),] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. **See Walker**, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the **Walker** Court announced that its holding would apply prospectively only. **Id.** at 977. Accordingly, **Walker** applies to appeals filed after June 1, 2018, the date **Walker** was filed. **Id.**

\*     \*     \*

[2] We recognize the harsh - perhaps draconian - consequence of quashing any appeal . . . However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." **Commonwealth v. Montini**, 712 A.2d 761, 769 (Pa. Super. 1998).

**In re M.P.**, 204 A.3d 976, 980-81 & n.2 (Pa. Super. 2019). In **M.P.**, **id.** at 980, this Court "remind[ed], advise[d] and emphasize[d] to all litigants who seek appellate review with this Court – whether in criminal, civil or family

cases – that *Walker* is the law of the Commonwealth, and shall be applied prospectively and uniformly by this Court."

Instantly, Appellant filed a single notice of appeal from the order listing two separate docket numbers. Appellant's notice of appeal postdates the *Walker* decision. Consequently, *Walker* compels quashal of the current appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/20