J-A20026-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE MATTER OF THE INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO J.C., III, A MINOR, N.N.S., A MINOR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A.C., JR. | : : : | No. 162 WDA 2020 |

Appeal from the Decrees Entered December 30, 2019
In the Court of Common Pleas of Venango County Orphans' Court at
No(s): O.C.D. No. 54-2018,
O.C.D. No. 55-2018

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: FILED OCTOBER 16, 2020

Appellant, J.A.C., Jr. (Father), appeals from the decrees entered on December 30, 2019, involuntarily terminating his parental rights to J.C., III (a male born in January, 2014) and N.N.S. ( a female born in August, 2011) pursuant to Section 2511 of the Adoption Act, 23 Pa.C.S.A. §§ 2101-2938.[1] Upon review, we are constrained to quash the appeal.

We briefly summarize the facts and procedural history of this case as follows. On April 6, 2018, relevant to the instant appeal, Venango County Children and Youth Services filed two separate petitions (one for each child) for the involuntary termination of Father's parental rights under 23 Pa.C.S.A. §§ 2511(a)(1), (a)(2) and (b). The trial court clerk assigned two docket

_____

[1] The trial court also entered separate decrees involuntarily terminating the parental rights of the children's mother, N.E.S. (Mother). She is not a party to the current appeal.

numbers to these matters – docket number 54-2018 to J.C., III and docket number 55-2018 to N.N.S. The trial court held a hearing on the termination petitions on July 22, 2019. Father was not present, but counsel represented him at the proceeding. In separate decrees entered on December 31, 2018 at each of the two docket numbers, the trial court involuntarily terminated Father's parental rights to J.C., III and N.N.S.

Thereafter, Father filed a single notice of appeal, captioned with both docket numbers, on January 29, 2020. On February 5, 2020, this Court issued a rule to show cause why the appeal should not be quashed pursuant to our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018.[2] On February 18, 2020, counsel for Appellant responded to the rule to show cause. After acknowledging his "failure to file separate notices of appeal in this matter as there are two lower court dockets as per Rule 341(a)[,]" counsel urges this Court to "permit these matters to move forward and to reach a final resolution in these cases." Response to Rule to Show Cause, 2/18/2020, at *1-2 (unpaginated). More specifically, counsel posits:

> In these matters, the cases were heard simultaneously at each dependency and permanency review hearing and each lower court docket was directly part of the overall case. The hearing on the Children, Youth and Family Services' [p]etitions to [i]nvoluntarily [t]erminate [p]arental [r]ights regarding the two (2) children were heard at the same time, during the same hearing, with the exact same testimony and evidence, and the trial court's decision, which

---

[2] The Walker decision, as discussed at length below, held that separate notices of appeal must be filed pursuant to Pa.R.A.P. 341(a) when an order challenged on appeal disposes of issues that arose on more than one trial court docket.

also captioned the cases together, involved the exact same findings of fact and conclusions of law. At no point were the cases separated in the trial court except at the docket numbers. This is not a case where there is even the slightest bit of deviation in legal theories or facts – everything regarding these dockets is completely the same.

Id. at *1. On February 19, 2020, this Court discharged the rule to show cause by per curiam order and permitted the appeal to continue with the proviso that the ruling was not a binding, final determination and that the panel assigned to address the merits of the appeal could further address the Walker issue.

As mandated by Walker, before we reach the merits of this appeal, we must address the fact that Father filed a single notice of appeal from two separate decrees, filed at two different dockets, involuntarily terminating his parental rights to two children. This Court has previously determined:

The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:

Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.

While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally

> quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." K.H. v. J.R., [826 A.2d 863, 870] (Pa. 2003) (citation omitted).

In the Interest of: P.S., 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

> However, on June 1, 2018, our Supreme Court in Walker held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. See Walker, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal…. The failure to do so requires the appellate court to quash the appeal." Id. at 976-977.

> Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the Walker Court announced that its holding would apply prospectively only. Id. at 977. Accordingly, Walker applies to appeals filed after June 1, 2018, the date Walker was filed. Id.

Matter of M.P., 204 A.3d 976, 980–981 (Pa. Super. 2019) (emphasis in original) (parallel citation omitted).

Thereafter, in February 2019, this Court determined in Matter of M.P that Walker applied to termination of parental rights proceedings, in addition to criminal matters. In Matter of M.P., Dauphin County Social Services for Children and Youth petitioned to terminate a mother's parental rights to two children and to change the children's permanency goal from reunification to adoption. Therein, we recognized:

> It appear[ed] that [the m]other attempted to comply with Walker's mandate by filing separate notices of appeal for each child. However, she failed to file separate notices of appeal for her discrete challenges to the termination decree and goal change for each child. Thus, because [she] filed her notices of appeal

- 4 -

from two separate dockets (dependency and adoption), Walker compel[led] quashal.

Id. at 981.

The Matter of M.P Court further noted:

We recognize the harsh – perhaps draconian – consequence of quashing any appeal, and in particular an appeal involving a party's parental rights. However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." Moses v. T.N.T. Red Star Exp., 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." Commonwealth v. Montini, 712 A.2d 761, 769 (Pa. Super. 1998).

Id. at 981 n.2.

Because we determined that "decisional law may have been unclear to this point," the Matter of M.P Court conducted an alternative, substantive analysis of the claims presented in that case. Id. at 981. However, the Matter of M.P. decision also entered an order specifying:

AND NOW, it is ORDERED that all parties seeking review with the Superior Court shall file notices of appeal as mandated by Pennsylvania Rule of Appellate Procedure 341 and Commonwealth v. Walker, ––– Pa. ––––, 185 A.3d 969 (2018). Failure to comply will result in quashal of the appeal.

Id. at 986.

Here, there is no dispute that two distinct trial court docket numbers were assigned, one for each child, and that Father's appeal challenges the termination decrees severing his parental rights to both children. He concedes that he only filed one notice of appeal listing both docket numbers, despite

Walker's bright-line rule that separate notices of appeal were required under Pa.R.A.P. 341.  Moreover, Father filed his single notice of appeal on January 29, 2020, well after our decisions in Walker and Matter of M.P.  We are bound by those decisions.  Because Father admittedly failed to follow the dictates of Rule 341 and Walker, we are constrained to quash this appeal.[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2020

_____

[3]  Finally, we acknowledge that in Commonwealth v. Stansbury, 219 A.3d 157 (Pa. Super. 2019), this Court declined to quash an appeal listing two docket numbers because the trial court misinformed Stansbury that he could file a single notice of appeal.  We determined that the trial court's failure to advise Stansbury properly regarding his appellate rights amounted to a "breakdown in the court system" and, accordingly, we excused his failure to comply with Walker.  Stansbury, 219 A.3d at 160; see also Commonwealth v. Larkin, 2020 PA Super 163, at *6 (July 9, 2020) (en banc) ("We agree with the panel in Stansbury and reaffirm its holding that we may overlook the requirements of Walker where [] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights.").  Here, as set forth above, the trial court entered separate decrees, on each docket, terminating Father's parental rights to each child.  Neither decree misled Father.  Instead, each decree properly informed Father of his appellate rights.  Therefore, in this case, we conclude there was no breakdown in the court system that permits us to excuse non-compliance with Walker.