J-S19023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDOLPH LEE CREIGHTON | : | |
| | : | |
| Appellant | : | No. 26 WDA 2021 |

Appeal from the Judgment of Sentence Entered March 1, 2019
In the Court of Common Pleas of Allegheny County Criminal Division
at No:  CP-02-CR-0010924-2004

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 17, 2021**

Randolph Lee Creighton (Appellant) appeals from the judgment of sentence[1] imposed after he was resentenced pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 577 U.S. 190 (2016). Upon review, we affirm.

In July 2004, when Appellant was 17½ years old, he was charged with murder and related crimes.  Trial Court Opinion, 1/6/21, at 2.  The charges

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Appellant purports to appeal from the order denying his post-sentence motion, the appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).  We have corrected the caption.

arose after Appellant and a co-conspirator, in the course of robbing a pizza delivery man, shot and killed the delivery man and wounded the delivery man's girlfriend. *Id.*

A jury convicted Appellant of second-degree murder, and on July 6, 2006, the trial court sentenced Appellant to then-mandatory life in prison without parole (LWOP). This Court affirmed the judgment of sentence, the Pennsylvania Supreme Court denied leave to appeal, and the United States Supreme Court denied Appellant's petition for a writ of *certiorari*. *Commonwealth v. Creighton*, 943 A.2d 310 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 946 A.2d 684 (Pa. 2008), *cert. denied*, 555 U.S. 864 (2008).

Appellant filed a timely petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court denied on March 31, 2010. After *en banc* review, this Court affirmed the denial of relief, and the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Creighton*, 104 A.3d 36 (Pa. Super. May 1, 2014) (*en banc*) (unpublished memorandum), *appeal denied*, 102 A.3d 984 (Pa. 2014).

Appellant filed a second PCRA petition based on the United States Supreme Court's decisions in *Miller v. Alabama*, *supra*, finding mandatory life without parole for juveniles unconstitutional, and *Montgomery v. Louisiana*, *supra*, holding that *Miller* was retroactive. Accordingly, Appellant was afforded a resentencing hearing.

The court convened a hearing on November 19, 2018. At the start of the hearing, the deputy district attorney stated that the Commonwealth, "would be unable to seek a sentence of life without the possibility of parole due to the fact that the Commonwealth would be unable to prove beyond a reasonable doubt that [Appellant] is permanently incorrigible, which, I believe, is the standard that we would have to pursue." N.T., 11/19/18, at 4-5. The court then heard evidence, and at the end of the hearing, continued the matter to March 1, 2019, when it resentenced Appellant to 35 years to life in prison. Appellant filed a post-sentence motion which was denied by operation of law. He then filed this timely[2] appeal.[3] Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

[2] On January 26, 2021, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely, where the trial court docket showed the notice of appeal was filed December 28, 2020. Appellant responded, *inter alia*, that he was "not sure why" his notice of appeal "did not make it on the docket until December 28, 2020 [because he] did not file the Notice of Appeal on December 28, 2020." Our review of the record indicates myriad confusion and delay, *i.e.*, a breakdown in the court process, and thus we decline to find the appeal untimely.

[3] Our January 26, 2021 rule to show cause also questioned why the appeal should not be quashed because Appellant filed a single notice of appeal listing two docket numbers, and thus the appeal appeared to conflict with **Commonwealth v. Walker**, 185 A.3d 969, 979 (Pa. 2018) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed."). Appellant responded that the listing of two docket numbers was "clerical error," and he is not challenging "an order that resolves issues arising on more than one docket," but "only one sentencing order regarding one charge." Our review confirms the March 1, 2019 order lists a single docket, CP-02-CR-0010924-2004, and resolves the one issue
*(Footnote Continued Next Page)*

Appellant presents two questions on appeal:

1. Did the sentencing court err by sentencing Appellant to a term of imprisonment of 35 years to life because the court failed to consider the *Miller v. Alabama* factors and the factors enumerated in 18 Pa.C.S.A. § 1102[.1](d), as well as failing to take into account the presumption of immaturity and reduced culpability of juvenile offenders and thus failed to provide Appellant an individualized sentencing in violation of his rights as guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 13 of the Pennsylvania Constitution?

2. In sentencing Appellant to 35 years to life imprisonment, did the trial court abuse its discretion by failing to account for the *Miller* factors, the sentencing factors, including his lack of incorrigibility, a factor acknowledged by the Commonwealth, his demonstrated potential for rehabilitation and his acceptance of responsibility?

Appellant's Brief at 2.

In his first issue, Appellant challenges the legality of his sentence. *See* Appellant's Brief at 9-19. We have explained:

The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.

*Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa. Super. 2005) (citations and quotation marks omitted). Challenges to the legality of sentence cannot

_____

concerning Appellant's post-*Miller* sentence for murder. Accordingly, *Walker* is inapplicable.

- 4 -

be waived and may be raised for the first time on appeal. ***Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007).

Appellant claims his sentence is illegal because "the trial court failed to articulate any of the ***Miller*** factors on the record or in its written opinion[.]" Appellant's Brief at 14. He cites the Pennsylvania Supreme Court's decision in ***Commonwealth v. Machicote***, 206 A.3d 1110 (Pa. 2019), and asserts "the trial court's failure to address the ***Miller*** factors and the statutory factors in § 1102.1(d) deprived him of the individualized sentencing [to which] he is entitled[.]" ***Id.*** at 15-17, 19.

The Commonwealth correctly counters that "in order for the ***Miller*** factors to be a mandatory consideration upon resentencing, the Commonwealth must be seeking a sentence of [LWOP]. . . . **the Commonwealth was not seeking [LWOP] in his case**." Commonwealth Brief at 17 (emphasis added); ***see also*** N.T., 11/19/18, at 4-5. The Commonwealth additionally points out that Section 1102.1 "does not apply to minors like appellant, who were convicted of first or second-degree murder prior to June 25, 2012." ***Id.***

Appellant "acknowledges, as he must, that this Court has previously held that there is no requirement that a trial court consider the ***Miller*** factors or the § 1102.1(d) factors in cases where the Commonwealth is not seeking [a LWOP] sentence." Appellant's Brief at 17 n.1 (citing ***Commonwealth v. Lekka***, 210 A.3d 343, 355-356 (Pa. Super. 2019) and ***Commonwealth v.***

*White*, 193 A.3d 977, 983 (Pa. Super. 2018)). However, Appellant "requests that this Court revisit *Lekka* and *White* and find that in cases such as [Appellant's], the trial court must address the *Miller* factors on the record to ensure the juvenile defendant's right to an individualized sentence." *Id.* Appellant's argument is unavailing.

> We have explained,
>
> a sentencing court must consider the *Miller* factors only in cases where the Commonwealth is attempting to meet its burden of overcoming the presumption against juvenile LWOP sentences. *Commonwealth v. Melvin*, 172 A.3d 14, 24 (Pa. Super. 2017). [Where] the Commonwealth did not seek a LWOP sentence, this issue is moot as application of the *Miller* factors is immaterial.

*White*, 193 A.3d at 983 (citation and quotation marks omitted).

After this Court decided *White*, the Pennsylvania Supreme Court decided *Machicote*, *supra*, holding that a sentencing court must discuss, on the record, the *Miller* factors and Section 1102.1, where "a juvenile is exposed to a potential sentence of [LWOP]." *Machicote*, 206 A.3d at 1120.

> Thereafter, we decided *Lekka*, explaining:
>
> In light of our Supreme Court's decisions . . . and our opinion in *White*, we conclude that the sentencing court in this matter did not err when imposing the 45-years-to-life sentence upon Appellant without considering the *Miller* factors. In this case, while the Commonwealth did initially file a notice of intent to seek a [LWOP] sentence, the Commonwealth withdrew its notice of intent with leave of the court prior to the resentencing hearing. This case is thus distinguishable from *Machicote* . . . where the consideration of the *Miller* factors were held to be necessary because the sentencing court both had the statutory authorization to impose a [LWOP] sentence and the Commonwealth had requested that sentence. **Accordingly, because the Commonwealth here did not seek, and the sentencing court**

- 6 -

> **did not impose, a [LWOP] sentence, there was no error by the sentencing court in failing to consider the *Miller* factors.**

*Lekka*, 210 A.3d at 356-57 (citations omitted, emphasis added).

Finally, and most recently, an appellant raised the same issue as Appellant, citing *Machicote* and claiming his 30 years to life sentence was illegal because the trial court failed the consider *Miller* factors and Section 1102.1. We rejected the argument because "the Commonwealth did not seek, and the court did not impose, a LWOP sentence." *Commonwealth v. Derrickson*, 242 A.3d 667, 679 (Pa. Super. 2020), *appeal denied,* No. 674 MAL 2020, 2021 WL 1779646 (Pa. May 5, 2021).

We are bound by the above precedent. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court."). Further,

> our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa. Super. 1998).

*Matter of M.P.*, 204 A.3d 976, 981 n.2. (Pa. Super. 2019). Accordingly, Appellant's challenge to the legality of his sentence lacks merit.

Appellant also challenges the discretionary aspects of his sentence. Upon review, we are constrained to find waiver. As discussed above, the resentencing commenced November 19, 2018 and concluded on March 1, 2019. The transcript of the November 19, 2018 hearing is in the certified record, but the transcript of the March 1, 2019 hearing is not. It appears the March 1, 2019 transcript was not available to either the trial court or the Commonwealth, as neither cite to it. **See** Trial Court Opinion, 1/6/21, at 1-7; Commonwealth Brief at 1-22. The Commonwealth states that the court "ordered a presentence report and deferred sentencing" and on March 1, 2019, "issued a modified sentencing order." Commonwealth Brief at 9.

Because Appellant appended the March 1, 2019 transcript to his brief, we made inquiry to the trial court and were informed the transcript of the March 1, 2019 hearing was not filed.[4] It is well-settled that "this Court may consider only the facts that have been duly certified in the record when deciding an appeal." **Commonwealth v. Kennedy**, 151 A.3d 1117, 1127

---

[4] In **Commonwealth v. Brown**, 52 A.3d 1139 (Pa. 2012), our Supreme Court indicated that in certain circumstances, we may consider an item in the reproduced record that has been omitted from the certified record. Specifically, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it. **Id**. at 1145 n.4. **See also** Pa.R.A.P. 1921 Note ("where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court" (citing **Brown**, 52 A.3d at 1145 n.4)). In this case, there is no reproduced record.

(Pa. Super. 2016) (citation omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Holston***, 211 A.3d 1264, 1276 (Pa. Super. 2019) (*en banc*). Critically, copying material and attaching it to the brief does not make it part of the certified record. ***First Union Nat. Bank v. F.A. Realty Investors Corp.***, 812 A.2d 719, 724 n.3 (Pa. Super. 2002); ***In re M.T.***, 607 A.2d 271, 275 (Pa. Super. 1992). Thus, where the appellant has not made the transcript of the proceedings at issue a part of the certified record, any claims that cannot be resolved in the absence of the necessary transcript must be deemed waived for the purpose of appellate review. ***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014). Accordingly, we are constrained to find waiver.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021